UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MELISSA HALL, )
 )
      Plaintiff, )
 ) No. 3:13-CV-707-PLR-HBG
v. )
 )
THE PRUDENTIAL INS. CO. OF AMER., *et al.*, )
 )
      Defendants. )
 )

**REPORT AND RECOMMENDATION**

      This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court are two Motions to Dismiss [Docs. 9 and 11]. For the reasons stated herein, the undersigned **RECOMMENDS** that the Motions to Dismiss be **GRANTED**.

**I.    BACKGROUND**

      Plaintiff filed the instant action in state court on November 8, 2013, and it was removed to this Court on December 3, 2013. In the Complaint, Plaintiff alleges that she is a third-party beneficiary of death benefits under a group life insurance plan issued by Defendant Prudential Insurance Co. of America ("Prudential") to Defendant Sears Holdings Corporation ("Sears"). Plaintiff argues that Vincent Collins, the deceased, paid and remained current on his premiums under the policy and that he followed any applicable instructions. Plaintiff contends that the policy was in full force and effect at the time that Mr. Collins died, and she maintains that

Defendants improperly denied her request that benefits be paid under the policy. [See Doc. 1-1 at 6-9].

Plaintiff requests that:

    A.    That proper process issue to the Commissioner of the Tennessee Department of Commerce and Insurance for Defendant The Prudential Insurance Company of America and Defendant Sears Holdings Corporation, and that the Defendants be required to appear and answer the Complaint within the time required by law.

    B.    That the Plaintiff be awarded a judgment against the Defendants for the amount of benefits due and owing under the insurance policy issued to the deceased by Prudential.

    C.    That the Plaintiff be awarded interest as directed by Tenn. Code Ann. § 56-7-315.

    D.    That the costs of this action be awarded to the Plaintiff.

    E.    That the Plaintiff have such further and other general relief to which he may be entitled, including a remand for Prudential if necessary.

[Id. at 8].

On December 18, 2014, Prudential filed its Motion to Dismiss Plaintiff's Complaint [Doc. 9], in which it moved the Court to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Prudential argues that ERISA provides the exclusive remedy for claims related to employee benefit plans. Prudential maintains that Plaintiff's Complaint, which alleges breach of contract, breach of fiduciary duty, misrepresentation, and specific performance claims, related to an employee benefit plan, must be dismissed with prejudice. Prudential argues that these state common law claims are preempted by ERISA's express preemption provision.

Sears filed a Motion to Dismiss Or, in the Alternative, Motion for More Definite Statement [Doc. 11], in which it also moves to dismiss Plaintiff's claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Sears adopts Prudential's position regarding dismissal.

In addition, Sears argues that the Plaintiff's claim of misrepresentation fails, as a matter of law, because the Plaintiff has not pled misrepresentation, or fraud, with particularity. With regard to any claim of negligent misrepresentation, Sears argues that the claim also fails because the Plaintiff does not set forth the alleged false information or advice provided by Sears to the deceased and does not allege a failure to exercise reasonable care in communicating information concerning the policy. Lastly, Sears argues the Court should dismiss the Plaintiff's claim for breach of fiduciary because the Complaint does not allege how the statements, representations or advice from Defendant Sears breached any duty owed to the deceased.

The Plaintiff has not responded in opposition to either of the Motions to Dismiss.

## II. ANALYSIS

### A. Plaintiff's Failure to Respond

As an initial matter, the Court finds that the Plaintiff has not responded in opposition to either of the Motions to Dismiss. The Motions to Dismiss were filed on December 18 and 20, 2013, and thus, the Plaintiff's time for responding expired over sixty days prior to the entry of this Report and Recommendation. See E.D. Tenn. L.R. 7.1; Fed. R. Civ. P. 6(d), 5(b)(2)(E). "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2.

Accordingly, the Court finds that the Plaintiff has presented no timely opposition to the Defendants' requests that her claims be dismissed with prejudice, and the relief sought could arguably be granted on this basis alone.

**B.     Rule 12(b)(6) of the Federal Rules of Civil Procedure**

Notwithstanding, the Court has examined the Plaintiff's allegations, and the Court has considered the Defendants' positions.

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a count or complaint that fails to state a claim upon which relief can be granted. Erie County, Ohio v. Morton Salt, Inc., 702 F.3d 860 (6th Cir. 2012). Although courts deciding Rule 12(b)(6) motions must accept the plaintiff's well-pleaded allegations as true, courts will not accept conclusory statements, legal conclusions, or unwarranted factual inferences as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In ruling on a Rule 12(b)(6) motion to dismiss, a court may consider the complaint, documents incorporated into the complaint by reference, matters of which a court may take judicial notice, and exhibits attached to the complaint. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

ERISA's preemption clause, ERISA Section 514(a), 29 U.S.C. 1144(a), expressly provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144. A plan, fund, or program is governed by ERISA if it has been established or maintained by an employer for the purpose of providing benefits to participants or their beneficiaries. 29 U.S.C. § 1002(1); see also Fugarino v. Hartford Life and Acc. Ins. Co., 969 F.2d 178 (6th Cir. 1992).

The Supreme Court of the United States has recognized that Section 514(a) is "conspicuous for its breadth" and that Congress expressed its intent in enacting ERISA to make regulation of benefit plans solely a federal concern. FMC Corp. v. Holliday, 498 U.S. 52, 58 (1990); Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1276 (6th Cir. 1991) (recognizing "that virtually all

4

state law claims relating to an employee benefit plan are preempted by ERISA"). ERISA preempts a state law to the extent such law "relates to" an ERISA plan – *i.e.*, "has a connection with or reference to" such plan. 29 U.S.C. § 1144(a); Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1985).

Courts routinely hold that ERISA preempts state common law claims related to the denial of benefits under ERISA-regulated plans. See Nester v. Allegiance Healthcare Corp., 315 F.3d 610, 613 (6th Cir. 2003) (holding that any judicial complaint for recovery of any benefits allegedly due under an employee benefit plan is strictly governed by ERISA); Caffey v. Unum Life Ins. Co., 302 F.3d 576, 582 (6th Cir. 2003) (finding claims stemming from the processing of plaintiff's claim for benefits found to be preempted). The Court of Appeals for the Sixth Circuit has specifically found that misrepresentation, breach of contract, and specific performance claims are all pre-empted by ERISA. Cromwell, 944 F.2d at 1276. The Court of Appeals reasoned, "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." Id.

The Court of Appeals for the Sixth Circuit has confirmed that it is appropriate for a district court to dismiss common law claims if the court finds that such claims are preempted by ERISA. See Cataldo v. U.S. Steel Corp., 676 F.3d 542, 557 (6th Cir. 2012) (affirming dismissal of all state law claims as preempted by ERISA, including common law breach of fiduciary duty claim).

The Court has reviewed the Plaintiff's complaint, and the Court finds that the allegations therein indicate that the Plaintiff's claims relate directly to a plan, fund, or program was established by an employer for the purpose of providing benefits to participants or their beneficiaries, [see Doc. 1-2]. The Court finds that this policy or plan is governed by ERISA, and further, the Court finds that ERISA preempts claims brought under state common law. The Court finds that the claims presented in this case – for specific performance, breach of contract,

misrepresentation, and breach of fiduciary duty – are all brought pursuant to state common law. Therefore, the claims are preempted and should be dismissed.

### III.  CONCLUSION

Based upon the foregoing, the Court finds that the Motions to Dismiss **[Docs. 9 and 11]** are well-taken, and the undersigned **RECOMMENDS**[1] that they be **GRANTED** and that the Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

Respectfully Submitted,


  /s H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.  Fed. R. Civ. P. 72(b)(2).  Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure.  Failure to file objections within the time specified waives the right to appeal the District Court's order.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).  The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general.  Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).