UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MELISSA HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:13-CV-707-PLR-BHG |
| | ) |
| THE PRUDENTIAL INS. CO. OF AMER., | ) |
| And SEARS HOLDING CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On March 14, 2014, the Honorable H. Bruce Guyton, United States Magistrate Judge, entered a Report and Recommendation (R&R) recommending that Defendants' motions to dismiss be granted [R. 26]. This matter is presently before the Court on Plaintiff's objections to the Magistrate Judge's R&R [R. 27]. Defendant Prudential has responded to Plaintiff's objections [R. 30]. As required by 28 U.S.C. § 636(b)(1), the court has undertaken a *de novo* review of those portions of the R&R to which Plaintiff objects.

Plaintiff filed the instant action in the Chancery Court for Knox County, Tennessee, alleging that she is a third-party beneficiary of death benefits under a group life insurance plan issued by Defendant Prudential Insurance Co. of America to Defendant Sears Holdings Corporation. Plaintiff contends that the policy was in full

force and effect at the time the insured, Vincent Collins, died, and she maintains that Defendants improperly denied her request that benefits be paid under the policy.

On December 18, 2013, Prudential filed a motion to dismiss Plaintiff's Complaint stating that ERISA provides the exclusive remedy for claims related to employee benefit plans. Prudential states that Plaintiff's claims for breach of contract, breach of fiduciary duty, misrepresentation, and specific performance are preempted by ERISA. Defendant Sears filed a motion to dismiss, or in the alternative, motion for more definite statement stating Plaintiff's claim of misrepresentation fails, as a matter of law, because Plaintiff has not pled misrepresentation, or fraud, with particularity.

Plaintiff failed to respond to Defendants' motions to dismiss, and in accordance with Local Rule 7.1, Magistrate Judge Guyton deemed Plaintiff's failure to respond to the motions as a waiver of any opposition to the relief sought. Magistrate Judge Guyton found that Plaintiff's claims were preempted by ERISA and should be dismissed. Thus, Magistrate Judge Guyton recommended that Defendants' motions to dismiss be granted and Plaintiff's claims dismissed with prejudice.

Plaintiff objects to the R&R, stating that her Complaint contains allegations that should be recharacterized as ERISA claims and the Magistrate Judge should have recommended allowing the claims to move forward under the procedure for ERISA litigation. Specifically, Plaintiff states the Complaint alleges that Prudential breached the insurance contract by failing to pay benefits and that Sears breached its fiduciary duty to advise Vincent Collins correctly. Further, the Complaint alleges that Plaintiff is a beneficiary of the policy and that Prudential has failed to pay benefits under the policy.

2

Plaintiff argues that the allegations of her Complaint were clear enough to Defendants to base removal upon grounds of ERISA preemption. Therefore, her allegations should be recharacterized to state claims under ERISA, and she should be allowed to proceed with her action in this Court.

Defendant Prudential argues that because Plaintiff failed to respond to the motion to dismiss, the Court should adopt the Magistrate Judge's recommendation and dismiss the case with prejudice. Defendant states that in her response, Plaintiff does not offer any reason for neglecting to abide by the Court's local rules and for failing to respond to Prudential's motion to dismiss. Plaintiff had every opportunity to respond to Prudential's motion to dismiss, or to amend her Complaint, and she chose to do neither until faced with the Magistrate Judge's recommendation. Prudential further states that Plaintiff alleged only state law claims in her Complaint, asserting claims for breach of contract, specific performance, misrepresentation, and breach of fiduciary duty. Thus, Defendant argues that Magistrate Judge Guyton correctly recommended dismissal of those claims as preempted by ERISA.

Defendants seek to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Specifically, Defendants assert that, because Plaintiff's claims relate to an employer-sponsored employee benefit plan, the claims are preempted by Section 514(a) of ERISA, 29 U.S.C. § 1144(a). Based on Plaintiff's objection to the R&R, it appears that the parties agree that the insurance policy at issue was part of an employer-sponsored employee benefit plan, and was therefore governed by the terms of ERISA. Defendant

3

Prudential's motion to dismiss is based on the simple assertion that Plaintiff's state law claims are preempted by ERISA and must therefore be dismissed.

As noted by Magistrate Judge Guyton, ERISA's preemption clause, Section 514(a), 29 U.S.C. § 1144(a), expressly provides that ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144. A plan, fund, or program is governed by ERISA if it has been established or maintained by an employer for the purpose of providing benefits to participants or their beneficiaries. 29 U.S.C. § 1002(1); *see also Fugarino v. Hartford Life and Acc. Ins. Co.,* 969 F.2d 178 (6th Cir. 1992). The Sixth Circuit has specifically found that misrepresentation, breach of contract, and specific performance claims are all preempted by ERISA. *Cromwell v. Equicor-Equitable HCA Corp.,* 944 F.2d 1272, 1276 (6th Cir. 1991).

Here, it is evident from Plaintiff's Complaint and her objection to the R&R, that all of her state law claims relate to the employee benefit plan that Vincent Collins participated in through his employer. Only if Plaintiff has a right to benefits under the plan could a court or jury compensate her as she requests. Accordingly, because Plaintiff essentially seeks a determination of her rights and payment of benefits due under an employer-sponsored plan, her claims relate to activities exclusively regulated by ERISA, and her state tort law claims must be dismissed.

Construing the Complaint in light of Plaintiff's objection to the R&R, Plaintiff does not appear to contest that her state tort claims are preempted by ERISA, but rather contends that her claims should be recharacterized to state claims under ERISA. As such,

4

the Court concludes that an ERISA claim is fairly presented here, pursuant to 29 U.S.C. § 1132(a)(1)(B), and that Plaintiff should be allowed to amend her complaint in order to formally allege such a claim. *See* Fed. R. Civ. 15a(2) (The Court should freely give leave to amend pleadings when justice so requires).

Accordingly, Plaintiff's objection [R. 27] is **OVERRULED IN PART AND SUSTAINED IN PART,** whereby the Report and Recommendation [R. 26] is **ACCEPTED,** and Defendants' motions to dismiss [R. 9, 11, 23] are **GRANTED** to the extent that Plaintiff's claims for breach of contract, breach of fiduciary duty, misrepresentation, and specific performance under state law are hereby **DISMISSED**, **with prejudice.**

In addition, the following action is taken:

1. Plaintiff shall file an amended complaint restating her claims under ERISA within **fourteen (14) days** of entry of this Memorandum and Order. Plaintiff is advised that failure to comply with this Court's order will result in dismissal of her Complaint, with prejudice.

2. Defendant Prudential's motion for extension of time to complete discovery [R. 24] is **DENIED as moot.**

3. Plaintiff shall file her motion for summary judgment within **sixty (60) days.**

4. The defendants shall file their cross-motion/response **thirty (30) days** after plaintiff files her motion for summary judgment.

5. In the event that the court feels that oral argument on the motions is required, the parties will be notified.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE